SUMMARY ORDER
Petitioner Bary Maiga, a native and citizen of Burkina Faso, seeks review of the April 16, 2008 order of the BIA affirming the April 27, 2006 decision of the Immigration Judge (“IJ”) George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bary Maiga, No. A98 648 345 (B.I.A. Apr. 16, 2008), aff'g No. A98 648 345 (Immig. Ct. N.Y. City Apr. 27, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opin *635 ion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact, including whether a petitioner’s acts rendered him a “persecutor” under the INA. Yanqin Weng v. Holder, 562 F.3d 510, 513 (2d Cir.2009). However, we review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). Maiga does not petition for review of the agency’s denial of asylum and failed to sufficiently challenge the agency’s denial of his CAT claim in either his brief to the BIA or his brief to this Court. Therefore, we deem those claims abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
An alien who “ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual’s race, religion, nationality, membership in a particular social group, or political opinion” is not eligible for withholding of removal under 8 U.S.C. § 1231(b)(3). See 8 U.S.C. §§ 1231(b)(3)(B)(i); 8 C.F.R. § 1208.16(d)(2). In assessing ineligibility for relief under these provisions, “[w]here the conduct was active and had direct consequences for the victims, we concluded that it was ‘assistance in persecution’ ... [but][w]here the conduct was tangential to the acts of oppression and passive in nature, however, we declined to hold that it ... [was] assistance.” Zhang Jian Xie v. INS, 434 F.3d 136, 143 (2d Cir.2006). “[T]he mere fact that [the petitioner] may be associated with an enterprise that engages in persecution is insufficient by itself to trigger the effects of the persecutor bar.” Xu Sheng Gao v. U.S. Att’y Gen., 500 F.3d 93, 99 (2d Cir.2007). Rather, the evidence must show a link between the petitioner’s specific actions and the alleged persecution. Id. at 101-02.
To determine whether a petitioner’s conduct triggers the persecutor bar, we must consider: (1) whether the alien was involved in persecution, under the same definition used to define a refugee; (2) whether the persecution was on account of the victim’s protected status — i.e., whether a nexus established; (3) whether the alien’s conduct “assisted” in the persecution, as defined in, e.g., Xu Sheng Gao and Zhang Jian Xie; and (4) whether the alien had sufficient knowledge that his actions may have assisted in persecution. See Balachova v. Mukasey, 547 F.3d 374, 384-85 (2d Cir.2008).[1]
Our review of the record leads us to conclude that the agency erred in finding that Maiga was statutorily ineligible for withholding of removal as a persecutor. Maiga was a member of the presidential guards in Burkina Faso, was aware that detainees were being persecuted, and had himself participated in the arrest of two political dissidents. However, contrary to the agency’s findings, the record shows that Maiga’s responsibilities as a guard were limited to chauffeuring government officials, and with respect to the two arrests he described, Maiga played only a *636 tangential role that had no direct consequences for the arrested individuals. See Xu Sheng Gao, 500 F.3d at 99; Zhang Jian Xie, 434 F.3d at 143. Specifically, Maiga remained in his car when the incidents occurred, and, following their arrests, the suspects were placed in another car, after which Maiga had no further contact with them. Moreover, there was insufficient evidence that the arrested individuals were later persecuted, as they were released, unharmed, a few hours later.
Therefore, because Maiga’s actions had no direct impact on the arrested individuals, but were merely tangential in nature, and there is no evidence that the arrested individuals were persecuted on those occasions, the agency erred in determining that Maiga had assisted in persecution and was ineligible for withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(i). See Weng, 562 F.3d at 515-16; Balachova, 547 F.3d at 386; Zhang Jian Xie, 434 F.3d at 143.
For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED and the case is REMANDED for further proceedings. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

. When we described these four considerations in Balachova v. Mukasey, we assumed that there was no voluntariness exception to the persecutor bar. The Supreme Court has since undermined the basis of our assumption, see Negusie v. Holder, - U.S. -, 129 S.Ct. 1159, 173 L.Ed.2d 20 (2009), although it did not decide whether such an exception exists.